CONRAD ET AL.
*vs.*
THRUSTON ET AL.

CONRAD ET AL. *vs.* THRUSTON, LEVIN POWELL AND OTHERS,
INTERVENORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARY.

When all the proceedings in the *mortuaria* are closed, the Court of
Probates of the parish where the succession was opened, is *functus officio*,
and an action of partition among the heirs, may be brought in the parish
to which the property of the succession has been removed by the
testamentary heirs.

Where heirs at law, of the age of fourteen years, at the time the
testamentary heirs took possession of the ancestor's estate, suffer five
years to elapse thereafter, before instituting suit claiming part of the
inheritance, their claim will be barred by prescription.

This is an action of partition, between the heirs at law
and the representatives of the instituted heirs of Charles M.
Thruston, deceased.

The facts of this case were drawn up, and agreed to by
the counsel on both sides, and are included in the opinion of
the court below.

*Bowen,* for the plaintiffs.

*Lewis, contra.*

*Martin, J.,* delivered the opinion of the court.

This case is submitted to us on the following statement of
facts:

On the 15th March, 1812, Charles M. Thruston, residing
in the parish of Orleans, made his last will, by which he
bequeathed all his property to his wife, Ann Thruston, *during
her life,* and after her death, to his two sons, Alfred Thruston
and Edmund Taylor Thruston, except some few particular
legacies, and shortly afterwards died there, in the same year.
The widow and A. and E. T. Thruston took (or rather kept)
possession of his estate, real and personal, and kept it until

the year 1819, when Ann Thruston also died, leaving her two sons, the said Alfred and Edmund T. Thruston, in possession of the said estate, bequeathed as aforesaid.

On the 3d of February, 1821, Alfred Thruston made his will, by which he bequeathed the whole of his estate, real and personal, to his then wife, Elizabeth Thruston, the defendant in this suit, and some few months afterwards died, and she entered into possession.

On the 27th April, 1823, Edmund T. Thruston made his will, which was probated on the 17th July following, he being then dead.

Some time previous to the death of Alfred Thruston, he and Edmund T. Thruston had made a division of part of the property bequeathed to them by the will of Charles M. Thruston, their father, but another part was still owned in common by them, until they both died.

On the 17th October, 1823, eleven years after the death of Charles M. Thruston, this suit was instituted by the tutor of the child and heir of Edmund T. Thruston, against the defendant, testamentary heir of Alfred Thruston, for a partition of the estate bequeathed to them by Charles M. Thruston, and for other matters not now in issue.

On the said 17th October, 1823, David Weeks, a relation of, or friend of the other heirs at law of Charles M. Thruston, filed a petition in the Probate Court, praying that the absent heirs of Charles M. Thruston be represented by an attorney, and accordingly Frederick D. Conrad, Esq., was appointed, and having obtained time to plead, came in, and on behalf of such absent heirs, filed an intervention, claiming to have the will of Charles M. Thruston set aside, and to be permitted to inherit and participate in his succession, as heir at law; and some time afterwards said absentees came in, and made themselves parties to the suit.

Both plaintiffs and defendants in the original action united in opposing to the intervenors, pleas to the jurisdiction of the court, and the prescription of five years, and urged upon the court below, as they now urge, that their claim against said will is barred by said prescription. It was agreed below,

WESTERN DIST.
Sept. 1837.

CONRAD ET AL.
vs.
THRUSTON ET AL.

WESTERN DIST. that the rights of the intervenors to come into this suit, to
Sept. 1837. have any of said estate, or whether they are or are not
CONRAD ET AL. barred by prescription, should be first tried, leaving all the
vs.
THRUSTON ET AL. questions between the original parties open.

And on the trial of these matters, the judge below was of opinion, that the intervenors' rights were *barred by prescription*, and gave judgment against them, from which judgment this appeal is taken.

It is also a fact, that all the absent heirs have always resided out of the state of Louisiana, and that Levin Powell came of age in April, 1824, and represents as only child of Sidney Thruston, who was one of nine children by the second marriage of Charles M. Thruston.

The counsel for the appellees, the original parties, contends, that the judgment of the Court of Probates ought to be affirmed, and the case remanded, because the Probate Court of the parish of St. Mary has no jurisdiction, as the succession of C. M. Thruston, claimed by the intervenors, was opened in the parish of New-Orleans.

The counsel further urges, that the plea of prescription was correctly allowed, because the heirs of C. M. Thruston were suffered to take and keep possession of his estate, under his will, for more than eleven years before complaining. *Partida* 6, *title* 8, *law* 4. 7 *Martin*, 402.

It appears to us, that the plea to the jurisdiction was correctly overruled. All the proceedings in the *mortuaria* of Charles M. Thruston, whose succession was opened in the parish of New-Orleans, were closed, whereby the court became *functii officio :* the property of the estate, which is now claimed by the intervenors and appellants, having been received by the testamentary heirs, and by them removed to the parish of St. Mary.

We think that the plea of prescription, as to the intervenors, except Levin Powell, who were upwards of fourteen years of age at the time the testamentary heirs took possession of the estate, was properly sustained. It is otherwise as to Levin Powell, who was born in 1803, and was not ten years of age at that time.

*When all the proceedings in the* mortuaria *are closed, the Court of Probates of the parish where the succession was opened, is* fuctus officio, *and an action of partition among the heirs may be brought in the parish to which the property of the succession has been removed by the testamentary heirs.*

*Where heirs at law, at the age of fourteen years, at the time the testamentary heir took possession of the ancestor's estate, suffer five years to elapse thereafter, before instituting suit, claiming a part of the inheritance, their claim will be barred by prescription.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, so far as it relates to the intervenors, with the exception of Levin Powell, be affirmed, with costs, and that, so far as it concerns said Powell, it be annulled, avoided and reversed; that the plea of prescription opposed to him by the original parties be overruled, and that the case be remanded for further proceedings according to law, between the plaintiffs, defendants and him, the appellees paying the costs of the appeal in this respect.